FILED

04/11/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0125

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0125

DOROTHY BRADLEY, BOB BROWN,
MAE NAN ELLINGSON, VERNON FINLEY,
and MONTANA LEAGUE OF WOMEN
VOTERS,

        Petitioners,

  v.

GREG GIANFORTE, Governor of the State of
Montana,

        Respondent.

**T E M P O R A R Y
O R D E R**

Beth McLaughlin, Office of the Court Administrator, yesterday e-filed and served an emergency motion within this matter "to quash and enjoin legislative subpoena duces tecum." We interpret the motion as both a request to intervene in this matter and to quash or enjoin a subpoena issued by the Legislature.

According to the motion and the subpoena attached as an exhibit thereto, on Thursday, April 8, 2021, the Montana State Legislature issued a subpoena directed to Misty Ann Giles, Director of the Department of Administration, an executive branch agency, requiring her to appear and produce: 1) "All emails and attachments sent and received by Court Administrator Beth McLaughlin between January 4, 2021 and April 8, 2021 delivered as hard copies and .pst digital files"; and 2) "Any and all recoverable deleted emails sent or received by Court Administrator Beth McLaughlin between January 4, 2021 and April 8, 2021 delivered as hard copies and .pst digital files." The subpoena further required Giles to appear at the Capitol Building "on the 9th day of April, 2021, at 3:00 PM, to produce" the requested documents. According to the motion, "Director Giles reached an agreement whereby the documents would be compiled this weekend and produced,

presumably, on Monday or perhaps sooner over the weekend. McLaughlin is informed and believes that Director Giles intends to comply with the Legislature's Subpoena."

McLaughlin argues that the subpoena exceeds the scope of legislative authority, violating the separation of powers, violates judicial privilege, and that, in any event, is overbroad as it, inter alia, "encompasses confidential personnel information."

McLaughlin's motion raises serious procedural questions. Neither the Legislature nor the Department of Administration are parties in this litigation. Although the subpoena is juxtaposed temporally with the litigation pending in this matter, including Respondent Greg Gianforte's request for production of emails related to a poll conducted by the Montana Judges Association regarding SB 140, the subject of this litigation, and a letter dated April 1, 2020, from the presiding officers of the Montana House of Representative and Montana Senate to McLaughlin referencing production of emails and information related to communications "regarding SB 140," which letter was also sent to the Clerk of Court to forward "with the Justices of the Montana Supreme Court," the subpoena itself does not reference this litigation, or SB 140. Nor does it reference any other litigation. Thus, while the letter to the Clerk of Court referenced an intention by the Legislature to "exercise[e] its power. . . .to request all communications between the court administrator and members of the judicial branch," we cannot be certain, at this juncture, that the subpoena challenged by McLaughlin has anything to do with the pending proceeding in OP 21-0125, or is properly filed herein. Even assuming the motion is properly filed within this proceeding, we cannot, without further proceedings, address the serious issues raised regarding the Legislature's authority to issue such a subpoena.

Nonetheless, the actions commanded by the legislative subpoena are, facially, extremely broad in scope, with a substantial potential of the infliction of great harm if permitted to be executed as stated. The production of all emails sent and received by McLaughlin between January 4, 2021 and April 8, 2021, without substantive limitation of any kind, incorporates all matters addressed by the Court Administrator during that period. As the motion notes, McLaughlin "receives a wide variety of emails and attachments that implicate the rights and privileges of other parties," including without limitation, "medical

2

information both for employees and elected officials," "disciplinary issues," "ongoing litigation," "Youth Court Case information," and "[r]equests from members of the public for disability accommodations including documentation of the disability." All communications regarding such matters would be caught within the dragnet of the subpoena.

Consequently, to address these various issues, and to prevent the infliction of harm in the meantime, we hereby order as follows:

1. McLaughlin is granted seven (7) days, until Monday, April 19, 2021, to file a supplemental pleading demonstrating the propriety of the filing of the motion in this matter, as opposed to the initiation of an entirely new proceeding before the Court.

2. The Legislature is granted fourteen (14) days thereafter, until Monday, May 3, 2021, in which to respond to McLaughlin's request to quash the subpoena by intervening in this matter. Third Party Department of Administration may, at its option, respond by that time.

3. The Petitioners and Respondent, and/or by the Attorney General, are likewise granted until Monday, May 3, 2021, to respond to McLaughlin's request to intervene in this matter.

4. The subpoena issued by the Legislature on April 8, 2021, is hereby quashed pending further order of the Court.

IT IS SO ORDERED.

The Clerk is directed to provide copies of this Order to counsel for Beth McLaughlin, the Legislature, the Department of Administration, and all counsel of record in this matter.

DATED this 11ᵗʰ day of April, 2021.

_____

_____

3

_____

_____

_____

_____
Justices